UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. VELASQUEZ, et al.<br><br>　　　　Defendants. | NO. CV 18-6871-JVS (AGR)<br><br>ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), the Objections and Plaintiff's Declaration. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected.

　　　　In his objections, Plaintiff cites the First Amended Complaint ("FAC") allegations that he was given a 2" by 2" scrub pad, along with a cup of cell block 64, to clean the urine and feces in a cell after he was moved to administrative segregation. (Objections at 4-5; First Amended Complaint ("FAC") at 8, 11.) Plaintiff argues that the FAC alleges these supplies were "hardly enough to sufficiently sanitize the Plaintiff's living quarters." (FAC at 8.) Plaintiff contends that it is reasonable to infer the scrub pad did not have the absorbency of a sponge and would not have been capable of cleaning up the urine and feces. Therefore, he argues,

Defendants' motion to dismiss Claims Two and Three of the FAC should be denied.

IT IS ORDERED that Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

(1) The official capacity claims are dismissed with prejudice;

(2) Defendants' motion to dismiss Claims One, Two and Three in Defendants' individual capacity is denied; and

(3) Defendants are directed to respond to the FAC within 30 days after entry of this order.

Along with his objections, Plaintiff filed a motion for appointment of counsel ("Motion"). (Dkt. No. 50.) Plaintiff states that he is unable to afford counsel and the imprisonment limits his ability to litigate his case. Plaintiff states that "the issues involved in this case are complex and require[] significant research and investigation," and the "COVID-19 Order" limits his access to the prison law library to conduct research. (Motion at 1-2.) Plaintiff requests counsel to assist him with expert testimony at trial, cross examination of witnesses and presentation of evidence. Plaintiff requests that the Court appoint "Christopher Arledge a member of 'One LLP'.com as counsel in this case who has been appointed as counsel in the Plaintiff's pending complaint no. 2:17-cv-00393-JVS (AGR[x])." (*Id.* at 2.)

Generally, a person has no constitutional right to appointment of counsel for § 1983 claims. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). A court has discretion to request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, a court must consider the litigant's likelihood of success on the merits as well as the ability of the litigant to articulate his claims *pro se* in light of the complexity of the legal issues involved in the case. *Id.*; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's request for counsel for purposes of trial is premature. Plaintiff shows

no exceptional circumstances justifying appointment of counsel at this stage of the proceedings. The issues in his case are not complex. Plaintiff has demonstrated the ability to articulate his claim *pro se*.

IT IS ORDERED that Plaintiff's motion for appointment of counsel is DENIED WITHOUT PREJUDICE at this stage of the proceedings. Nothing in this order prevents Plaintiff from retaining counsel on his own.

DATED: July 13, 2020

JAMES V. SELNA
United States District Judge

3